PROB 12C
(7/93)

Report Date: October 26, 2012

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 26 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Esteban Rodolfo Alaniz          Case Number: 2:07CR02115-002

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: 9/30/2008

Original Offense:     Conspiracy to Distribute Controlled Substance, 21 U.S.C. § 846

Original Sentence:    Prison - 36 Months          Type of Supervision: Supervised Release
                      TSR - 48 Months

Asst. U.S. Attorney:  James P. Hagarty             Date Supervision Commenced: 5/1/2012

Defense Attorney:     Alison K. Guernsey           Date Supervision Expires: 10/28/2014

---

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1                   **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

                    **Supporting Evidence**: On September 6, 2012, Mr. Alaniz reported to the U.S. Probation Office and submitted a urine sample which tested presumptive positive for opiates and marijuana. At that time, Mr. Alaniz denied using any illegal substances and stated he was currently taking pain medication (hydrocodone), which was confirmed by the undersigned officer.

                    On September 20, 2012, test results were received from Alere Toxicology which noted the defendant's urinalysis was confirmed positive for marijuana, heroin, hydrocodone, and hydromorphone.

                    On September 28, 2012, Mr. Alaniz reported to the U.S. Probation Office and admitted to smoking heroin on or about September 3, 2012. The defendant had no explanation as to why his urine sample had tested positive for hydromorphone, but admitted to being in a vehicle where individuals were smoking marijuana.

2     **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: Mr. Alaniz failed to contact this officer as directed on October 8, 10, and 24, 2012.

On September 21, 2012, the defendant reported to the U.S. Probation Office and admitted to using heroin and associating with individuals who were smoking marijuana. As a result of his admission of drug use, the defendant was directed to contact this officer by phone every Monday, Wednesday, and Friday, for urinalysis testing instructions. On October 8, 10, and 24, 2012, he failed to contact this officer as directed.

3     **Special Condition # 16**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: Mr. Alaniz failed to successfully complete substance abuse counseling services at Merit Resource Services (Merit).

On May 31, 2012, the defendant commenced an outpatient treatment program at Merit. On October 4, 2012, Mr. Alaniz was terminated from treatment based on his recent relapse. Merit personnel noted on their discharge letter that since 2008, the defendant has participated in two intensive inpatient treatment programs, two intensive outpatient treatment programs, a moral reconation therapy program, and aftercare services. Based on all of the treatment services he has received, treatment staff indicated the defendant would not benefit from any further counseling services with their agency. They believe the defendant possesses all of the skills necessary to maintain his sobriety and that it is up to him to either use those skills or seek additional counseling services elsewhere.

4     **Special Condition # 17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Alaniz failed to provide a urinalysis test on October 10, 22, and 23, 2012.

On October 10, 2012, the defendant failed to report to Merit for a urinalysis test. Mr. Alaniz advised he had been feeling ill that day and was not able to report to Merit as scheduled or contact this officer. The defendant subsequently went to the hospital on October 11, 2012, where he was diagnosed with abdominal cramps, constipation, and renal colic. The defendant's hospital discharge instructions noted constipation and kidney stones so he was given a prescription for hydrocodone and colace.

On October 22, 2012, the defendant reported to the U.S. Probation Office and was unable to provide a urine sample. He stated that although he was able to provide a sample on October 18, 2012, his symptoms had returned and has been unable to urinate since October 20, 2012. The defendant advised he was not sure how long it would be before he was able

to provide a urine sample, and mentioned he had scheduled an appointment at a local clinic on October 25, 2012. Mr. Alaniz was reminded he needed to continue calling the Merit color line for urinalysis testing. He was also informed that if he was unable to report for his random testing at Merit, he needed to contact this officer.

On October 23, 2012, the defendant failed to report to Merit for a urinalysis test and failed to contact this officer.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/26/2012

s/Jose Vargas

Jose Vargas
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

*Edward F. Shea*
Signature of Judicial Officer

October 26, 2012
Date